## Commonwealth v. Leavitt

*Harry Felix*, for Commonwealth.
*Harrison G. Kildare*, for defendant.

MACNEILLE, J., August 2, 1939. — Henry Leavitt waived a hearing before the magistrate and asked for a hearing before the court.

The charge against him is violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, sec. 801(*a*) and sub-sec. 15 of sec. 1020.

The facts were that he was parked at an angle from the curb in a narrow street, which made it impossible or impracticable for vehicles to pass through the street and that he did not have lights on his vehicle, the time being 3:20 a.m.

Section 801(*a*) provides: "Every vehicle upon a highway within this Commonwealth, during the period from one (1) hour after sunset to one (1) hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet ahead, shall be equipped with lighted lamps and illuminating devices, as in this section, respectively, required for different classes of vehicles." Clearly defendant, not having lights upon his vehicle, violated this section.

Section 1020 of The Vehicle Code, supra, as amended by the Act of July 16, 1935, P. L. 1056, prohibiting parking in specified places, states: "Except when necessary in obedience to traffic regulations or traffic signs or signals or where angle parking is permitted, the operator of a vehicle shall not stop, stand, or park such vehicle on the highway within a business or residence district other than parallel with the edge of the highway, headed in the direction of traffic, and with the curb side of the vehicle within six (6) inches of the edge of the highway or curb."

Clearly defendant violated this section, his vehicle not being parked parallel to the curb but at an angle thereto, and it was not within six inches of the edge of the highway or curb.

Commonwealth v. Hanley et al., 34 D. & C. 492, decided by our colleague, Judge Flood, was somewhat different as to the facts, and in that case the decision turned on section 22 of the Philadelphia Traffic Ordinance of October 21, 1936, Ordinances and City Solicitor's Opinions, 1936, p. 273. Judge Flood very properly decided that under that ordinance it was necessary for the city to properly post notice. This had not been done.

The court is forced to recognize the necessity of these regulatory measures. It has been informed that the Fire Department of the City of Philadelphia feels that parking under the circumstances as done in this case might prove disastrous in case of a conflagration; therefore, the court imposed a fine of $10 for each offense and the cost of one suit.

It is to be noted that the ordinance of council passed upon by Judge Flood in Commonwealth v. Hanley et al., supra, prohibited 3 to 5 a.m. parking. Council had authority under The Vehicle Code to pass such an ordinance but The Vehicle Code also required that if council did so it must post notice. It was because of council's failure to post such notice that this ordinance was not enforcible. The case before us is based on two acts—first, violation of the provision of The Vehicle Code as to certain lighting

requirements, and secondly, the violation of the same code in wrongly parking the vehicle inasmuch as it projected into the highway and was not parallel to the curb and within six inches thereof.

Being informed, however, that this case has been brought to get a ruling of the court upon the subject and for the public welfare, the fine is remitted but the costs stand.